JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
TYLER A. BIXBY, ESQ.
Nevada Bar No. 16679
**BLACKBURN WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 472-7000
Fax: (702) 463-4440
tyler@blackburnwirth.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MEGHAN MURRAY, individually;<br><br>Plaintiff,<br><br>vs.<br><br>POLV, LLC, a Foreign Limited-Liability Company; SP PLUS CORPORATION, a Foreign Corporation; ROE CORPORATIONS I – XX, inclusive; DOES I – XX, inclusive;<br><br>Defendants. | CASE NO.: 2:24-cv-02068-APG-DJA<br><br>~~PROPOSED~~ **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER (FIRST REQUEST)** |

Plaintiff, MEGHAN MURRAY, by and through her attorneys of record JOSEPH J. WIRTH, ESQ., ASH MARIE BLACKBURN, ESQ., and TYLER A. BIXBY, ESQ., of BLACKBURN WIRTH, LLP, Defendant POLV, LLC, by and through its counsel of record, GRIFFITH H. HAYES, ESQ., of TYSON & MENDES, LLP, and Defendant SP PLUS CORPORATION, by and through its counsel of record, JASON A. FOWLER, ESQ., of RANALLI ZANIEL FOWLER & MORAN, LLC, hereby submit the instant Stipulation and Order to Extend the Discovery Plan and Scheduling Order (First Request) pursuant to LR IA 6-1 and LR 26-3 as follows:

/ / /

/ / /

# I.

## PROCEDURAL HISTORY

This lawsuit involves allegations that Plaintiff Meghan Murray suffered serious injuries related to a trip and fall on the side of a roadway bisecting properties owned by Defendant POLV, LLC ("POLV") and Marriott Vacations Worldwide Corporation d/b/a Marriott's Grand Chateau ("Marriott"). Initially, Plaintiff believed the property to be under the sole possession and control of Marriott. As such, Plaintiff filed her Complaint and Demand for Jury Trial on August 19, 2024 in the Eighth Judicial District Court for Clark County, Nevada against Marriott Vacations Worldwide Corporation d/b/a Marriott's Grand Chateau ("Marriott"). After preliminary discussions, Marriott indicated Defendant POLV as the more likely owner of the land where the subject incident occurred. As such, Plaintiff immediately filed her Amended Complaint against Marriott and POLV on September 9, 2024. Marriott filed its Answer to Plaintiff's Amended Complaint on October 4, 2024. Defendant POLV filed its Answer to Plaintiff's Amended Complaint on October 23, 2024.

On November 5, 2024, Defendant POLV, LLC removed this matter from the Eighth Judicial District Court to the United States District Court, District of Nevada based on diversity jurisdiction. (ECF No. 1). Defendant POLV, LLV also filed its Statement Regarding Removal on November 5, 2024. (ECF No. 3).

On February 4, 2025, Defendant POLV made its Initial Disclosure of Witnesses, Exhibits, and Documents pursuant to FRCP 26(a)(1). Included therein was documentation indicating that the subject incident occurred on land owned by Defendant POLV, LLC and subsequently leased to a third party named SP Plus Corporation ("SP Plus"). On February 9, 2024, the parties participated in the FRCP 26(f) conference and filed a Proposed Joint Discovery Plan and Scheduling Order which was entered by this court on February 22, 2024.

During the FRCP 26(f) conference, the parties discussed the necessity of SP Plus as a Defendant in this action and agreed that an amendment should be made to include them as a necessary party. As such, Plaintiff, Marriott, and POLV stipulated to Plaintiff filing a Second

Amended Complaint naming SP Plus Corporation as a Defendant in this action. Additionally, after extensively reviewing land surveying and property ownership documents, the parties agreed that Marriott did not have any ownership or control over the area of the subject incident. As such, the parties also stipulated to dismiss Marriott, without prejudice.

On March 27, 2025, Defendant POLV filed its Answer to Plaintiff's Second Amended Complaint, which also included crossclaims against Defendant SP Plus. On April 21, 2025, Defendant SP Plus filed its Answer to Plaintiff's Second Amended Complaint. On May 8, 2025, Defendant SP Plus filed its Answer to Cross-claimant POLV's Crossclaims. On May 13, 2025, the parties conducted a supplemental FRCP 26(f) conference, wherein it was agreed that significant additional time would be necessary to allow time to fully litigate not only Plaintiff's claims, but the cross-claims made by POLV.

## II.

## DISCOVERY COMPLETED

**To date, Plaintiff has completed the following discovery:**

- Plaintiff's Initial Disclosure Statement, served November 25, 2024;
- Plaintiff's Response to Marriott's First Set of Requests for Admission, served February 13, 2025;
- Plaintiff's Response to Marriott's First Set of Requests for Production of Documents, served February 13, 2025;
- Plaintiff's Response to Marriott's First Set of Interrogatories, served February 13, 2025;
- Plaintiff's First Supplemental Disclosure Statement, served February 13, 2025;
- Plaintiff's Response to Defendant POLV's First Set of Requests for Admission, served March 5, 2025;
- Plaintiff's Response to Defendant POLV's First Set of Requests for Production of Documents, served March 5, 2025;
- Plaintiff's Response to Defendant POLV's First Set of Interrogatories, served March

5, 2025;

- Plaintiff's First Set of Interrogatories to Defendant POLV served March 21, 2025;
- Plaintiff's First Set of Requests for Admissions to Defendant POLV served March 21, 2025;
- Plaintiff's Second Supplemental Disclosure Statement, served March 26, 2025.

**To date, Defendant POLV, LLC has completed the following discovery:**

- Defendant's Initial Disclosure Statement, served February 4, 2025;
- Defendant's Request for Admissions to Plaintiff, served February 4, 2025;
- Defendant's Request for Production of Documents to Plaintiff, served February 4, 2025;
- Defendant's First Set of Interrogatories to Plaintiff, served February 4, 2025;
- Defendant's First Supplement to its Initial Disclosure Statement, served February 7, 2025;
- Defendant's Answers to Plaintiff's First Set of Interrogatories served, March 21, 2025;
- Defendant's Responses to Plaintiff's First Set of Requests for Admission, served March 21, 2025.

**To date, Defendant SP PLUS CORPORATION has completed the following discovery:**

- None.

### III.

### DISCOVERY REMAINING TO BE COMPLETED

- Deposition of Plaintiff;
- FRCP 30(b)(6) depositions of Defendants;
- Depositions of additional fact witnesses;
- Initial expert designations;
- Rebuttal expert designations;
- Depositions of Initial and Rebuttal Experts;

- Additional FRCP 26 Disclosures;
- Additional written discovery.

This is a complex premise liability claim involving an alleged trip and fall on an object protruding from the ground on the side of a roadway bisecting the Marriott Grand Chateau and a parking lot owned by Defendant POLV. To date, there has been extensive efforts put into investigating ownership of the area of the subject incident as the surveyor maps were unclear as to whether the street was shared property, wholly owned by one party, or split down the middle. The parties, including now dismissed Marriott, exchanged numerous documents outlining property lines and ownership interests in the subject area. After concluding that the area in question was owned by Defendant POLV, additional information came available indicating Defendant SP Plus had leased the subject property from Defendant POLV.

Based on the information and evidence presented, the parties stipulated to allow Plaintiff to file a Second Amended Complaint naming SP Plus as necessary party to this litigation. The parties further stipulated to dismiss Marriott, as it appeared they had no ownership or control over the subject property. Despite the parties diligence, it took a significant amount of time and resources to ascertain the proper ownership entity as the property maps were not clear. It then took additional time and resources to properly add SP Plus as a party to the litigation.

As the alleged leaseholder at the time of the subject incident, it has been impossible for the parties to properly conduct discovery without the addition of Defendant SP Plus. Specifically, it is unclear based on the lease contract who was responsible for maintenance of the subject premises. This is made even more clear by the cross-claims presented by Defendant POLV. As such, substantial discovery remains to be completed not only on Plaintiff's claims, but on the cross-claims presented by Defendant POLV.

With the current discovery deadlines rapidly approaching, specifically the initial expert deadline, the parties have agreed to a ninety (90) day discovery extension. As expert witnesses will be necessary as it relates to liability, causation, and damages, the requested extension is certainly necessary and not requested for any dilatory motive. Further, the parties still need to

identify facts and witnesses known by Defendant SP Plus to properly litigate all of the claims and crossclaims presented. This extension will allow the parties time to conduct depositions, propound written discovery, and disclose more facts and information as it relates to liability, causation and damages. Plaintiff's deposition is already scheduled to go forward in the last week of May, with depositions of fact witnesses and party representatives anticipated shortly thereafter. Accordingly, Plaintiff requests the extension of deadlines as outlined below.

## IV.
## PROPOSED DISCOVERY SCHEDULE AND TRIAL DATE

|  | Current Date | Proposed Date |
|---|---|---|
| Discovery Deadline: | 08/28/2025 | **11/26/2025** |
| Motions to Amend Pleadings/ Add Parties: | **CLOSED** | **CLOSED** |
| Initial Expert Disclosures: | 06/09/2025 | **09/08/2025** |
| Rebuttal Expert Disclosures: | 07/09/2025 | **10/07/2025** |
| Dispositive Motions: | 09/05/2025 | **12/04/2025** |
| Joint Pre-Trial Order: | 10/03/2025 | **01/01/2026** |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. This is the first request for an extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

Dated this 13th day of May, 2025.                    Dated this 13th day of May, 2025.

**BLACKBURN WIRTH, LLP**                              **TYSON & MENDES, LLP**

*/s/ Tyler A. Bixby*                                  */s/ Griffith H. Hayes*
TYLER A. BIXBY, ESQ.                                  GRIFFITH H. HAYES, ESQ.
Nevada Bar No. 16679                                  Nevada Bar No. 12988
6018 S. Fort Apache Road, Ste. 150                    2835 St. Rose Pkwy., Suite 140

BLACKBUNR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 472-7000 | Fax: (702) 463-4440

| | |
|---|---|
| Las Vegas, NV 89148-5652 | Henderson, NV 89052 |
| *Attorney for Plaintiff* | *Attorney for Defendant POLV* |

Dated this 14th day of May, 2025.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

*/s/ Jason A. Fowler*
JASON A. FOWLER, ESQ.
Nevada Bar No. 8071
2340 W. Horizon Ridge Parkway, #100
Henderson, Nevada 89052
*Attorney for Defendant SP PLUS*

*Murray v. POLV, LLC et al.*
**2:24-cv-02068-APG-DJA**
**SAO to Extend Discovery Plan and Scheduling Order (First Request)**

## ORDER

**IT IS SO ORDERED.**

DATED this  19th  day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE